**SUPERIOR SKYLIGHT CO., Inc., v. AUGUST KUHNLA, Inc., et al.**

(Circuit Court of Appeals, Second Circuit. May 18, 1921.)

No. 228.

1. Patents ⬤168(2)—Element added to avoid anticipation cannot be dropped to establish infringement.

When an applicant for a patent to cover a new combination is compelled, by rejection or submission, to narrow his claim by the introduction of a new element, he cannot, after issue of the patent, broaden his claim by dropping such element.

2. Patents ⬤328—1,009,502, for skylight, not infringed.

The Goldman patent, No. 1,009,502, for a skylight, having openings to open automatically in case of fire, to allow the escape of smoke, held not infringed.

3. Patents ⬤245—Equivalent part must perform the same function in substantially the same manner.

Within the rule of equivalents, the thing thought to be the equivalent must be shown to perform the same function and in substantially the same manner as the thing of which it is alleged to be the equivalent.

──────────────
⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in equity by the Superior Skylight Company, Incorporated, against August Kuhnla, Incorporated, and others. Decree for defendants, and complainant appeals. Affirmed.

For opinion below, see 265 Fed. 282.

Hauff & Warland, of New York City (William E. Warland, of New York City, of counsel), for appellant.

Richard B. Cavanagh, of New York City (J. Granville Meyers, R. B. Cavanagh, and James A. Koehl, all of New York City, of counsel), for appellees.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. Letters patent No. 1,009,502 were issued to Barney Goldman, the assignor of the appellant. The patent is for a skylight. It is intended primarily to be used on theaters and buildings where large audiences congregate. It is so designed as to operate automatically, thereby opening a number of apertures located in the frame of the skylight. In this way the smoke and flames are drawn to the skylight, avoiding the suffocation of the people gathered in the building. The skylight is usually built to comply with the laws of localities as to size.

Claims 1 and 2 of the patent sued on are as follows:

"1. A skylight comprising a frame projecting from the roof of a building and having an opening with an inclined jamb, and provided with an offset at the top of the jamb, a cover pivoted to the lower part of the jamb, means connected to the cover for securing the cover on to the jamb, and means attached to the said connection, for automatically releasing the cover to swing downwardly to its open position.

"2. A skylight comprising a frame projecting from the roof of a building and having an opening with an inclined jamb, and provided with an inclined offset at the top of the jamb, a cover pivoted to the lower part of the jamb, a flexible connection operatively secured to the cover for holding the cover on to the jamb, a fusible link attached to and situated between the end of the connection and the cover, for automatically releasing the cover to swing downwardly to its open position."

The frame of the skylight has a number of apertures, and to each lower portion of the opening is pivoted a cover, which is held closed by means of one or more wire ropes or chains connected to the upper portion of the cover, and the ropes may be operated from a position below the skylight. Each of these ropes has connected thereto a link of fusible metal. When closed, the cover is positioned at an inclined angle; the idea being that when any of the ropes or chains are released, or any of the fuses melt, the cover will, by gravity, fall to an open position.

The appellee the Freel Investing Company is the owner of the Strand Theater, at Fulton street and Rockwell place, Brooklyn, and it is upon this building that the skylight which the appellant claims infringes its patent was used. The appellee August Kuhnla, Incorporated, is the manufacturer of the skylight. The appellee Edward Keough is the manager of the theater. The appellee August Kuhnla, Incorporated,

manufactures under the patent issued to Joseph A. Peterman, No. 1,-320,568, granted November 4, 1919, for a sash-operating mechanism. This ventilator is of the large type, with a door opening having vertical jambs; the doors are connected by ordinary strap hinges to the sills of the openings. When closed, the door occupies a vertical position, abutting or striking against the vertical jambs: The doors are simultaneously operated by a series of rods, all connected with a collar on an upright post. It opens very much as an umbrella. The vertical post is of metal, located centrally within the skylight, and upon the post there is a tubular collar. This tubular collar has pivotally connected therewith the inner ends of a series of heavy radiating metal rods, the outer ends of which are pivotally connected with the center or middle portion of the respective doors. The doors are normally held closed in the vertical position when the collar is elevated and held suspended near the top of the center vertical post. There is attached a restraining rope. When this rope is released, as by the melting of a fusible link, the collar automatically, by the weight or thrust, or both, of the rods, starts its downward travel on the post, and the pusher thrust, together with the weight, directs a positive outward pressure against the connecting doors and places them in an open position. When the doors are opened, the collar on the central post rests at the foot of the post.

[1] The defenses interposed are that there is a want of invention, because of the state of the prior art, and that there is no infringement. When application was made by the appellant for a patent originally, five claims were presented. Not any of these claims were limited to a structure wherein the opening was provided with vertical or inclined jambs, and, when the claims were allowed, it was for an inclined jamb. Further, by his second amendment, the applicant limited four of his claims for a frame projecting from the roof of the building. We must therefore consider the patent within the scope of its claim as allowed by the Patent Office. Minerals Separation Co. v. Butte Mining Co., 250 U. S. 336, 39 Sup. Ct. 496, 63 L. Ed. 1019. For when an applicant for a patent to cover a new combination is compelled by rejection or submission to narrow his claim by the introduction of a new element, he cannot, after the issue of the patent, broaden his claim by dropping the element which he was compelled to include in order to secure his patent. Shepard v. Carrigan, 116 U. S. 593, 6 Sup. Ct. 493, 29 L. Ed. 723.

[2] We think that the appellee's structure does not infringe. The president of the appellant corporation, in testifying as to the construction and operation of its skylight, made under the patent in suit, said that on top of the curb on the roof is a frame with a series of openings; each opening has inclined jambs with a roof on, and in that jamb is a door or doors hinged at the bottom of each door. No weights are necessary. He said the opening of the inclined jamb at a 43-degree angle guards against the storm or wind preventing it from opening, and it is for this reason he provides an inclined jamb, as well as an inclined position for the doors. In testifying as to the appellee's skylight, he said that—

"The weight of the center part, as soon as that is released, being itself on a verticle line, she falls down, and that drop from falling, that opens the door; that is, the weight."

The particular skylight which is claimed to infringe, he testified, occupied the vertical position, and further:

"Q. And you found that they were intended to be opened by the weight of those rods plus that runner on that vertical standard? A. That is what I found."

In the patent in suit there are inclined jambs, and the doors are positioned in an inclined position. In the appellee's structure, there are no inclined jambs. The shutters are in a vertical position, and are started by the impulse of the weight of the rods, when the collar supporting them on the vertical post drops. The appellee's device does not have a rope control, as does the appellant's. In the appellant's device, a rope running to each door controls a series of doors, and it is when, by the melting of the fusible link, the ropes are released that the shutters drop of their own weight; this pursuant to gravity alone. The control of the appellee's structure is by rigid rods, and it is impossible to open any shutter independently, without releasing one of the rods by disconnection. It requires the weight of the rods or the thrust of the same to open the door in appellee's structure. The appellant concedes this difference, but it contends that the rigid connecting rods of appellees' structure attain the same function and the same result as the appellant's inclined jamb, and maintains that in this sense they are the equivalent of the inclined jamb. But it is plain that the appellee's connecting rods are not jambs in the ordinary acceptation of that term. They are not side posts or sides of a door or window, as the word "jamb" is defined by the dictionaries:

"A side or verticle piece of any opening or aperture in a wall, such as a door, window, or chimney, which helps to bear the lintel or other member overhead, serving to sustain or discharge the superincumbent weight of the wall." Century Dictionary.

These rods are movable and slidable, and are not stationary, as a jamb is. The rods exerted a driving weight to force the vertical door outward and downward, and the appellant's inclined jambs are stationary, which act as stops to hold the appellant's door tilted outward or overbalanced, so that, when the doors are released, they will, of their own weight and without any action whatever on the part of the inclined jambs, drop down. While it is not necessary, to make out a case of infringement, that the arrangement which infringes performs the same service, still it must produce the same results in substantially the same way. Werner v. King, 96 U. S. 218, 24 L. Ed. 613. Where each element is one of the operated means, the identity depends, not merely upon the function performed, but the manner in which it is performed. U. S. Light & Heat Corp. v. Safety Car H. & L. Co. (C. C. A.) 261 Fed. 915; Imperial Bottle Cap & Mach. Co. v. Crown Cork & Seal Co., 139 Fed. 312, 71 C. C. A. 442.

[3] Within the rule of equivalents, the thing thought to be the equivalent must be shown to perform the same function and to do it in

substantially the same manner as the thing of which it is alleged to be the equivalent. Applying this rule to the appellee's structure and its operation, we think it is clear that there was no infringement.

Decree affirmed.