## SHEPARD & Others *v.* CARRIGAN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

Argued January.    ;36.—Decided February 1, 1886.

When an applicant for a patent is compelled by the rejection of his application at the patent office, to narrow his claim by the introduction of a new element, he cannot, after the issue of the patent, broaden his claim by dropping the element which he was compelled to include in order to secure the patent.

The patent granted to Helen M. MacDonald, September 29, 1874, for an improvement in dress protectors, must be construed to include a fluted or plaited band or border as one of the essential elements of the invention, and is not infringed by the manufacture or sale of skirt protectors which have neither plaited nor fluted bands or boarders.

This was a suit in equity to restrain an alleged infringement of letters patent. The facts are stated in the opinion of the court.

*Mr. Edward N. Dickerson* for appellants.

*Mr. F. P. Fish* and *Mr. B. F. Butler* for appellee.

Mr. Justice Woods delivered the opinion of the court.

This was a suit to restrain the infringement of letters patent for an "improvement in dress protectors," granted to Helen M. Macdonald, the intestate of the defendant in error, dated September 29, 1874, upon an application filed May 10, 1873.

The specification of the patent described the invention as follows:

"My invention relates to protectors for the lower edge of dresses and other garments, and consists of a band or strip of fluted or plaited fabric, either water-proof itself, or covered or bound with any water-proof material.

"In the drawing Fig. 1 represents a view of a detached portion of the dress protector, and Fig. 2 represents the protector as applied to the bottom of a dress skirt.

"A is the plaited or fluted band, which is water-proof or bound with water-proof material, and *a* is a heading to which it may be secured for better attachment to the garment.

"Heretofore skirt protectors have been made of a plaited or fluted strip of ' wiggan ' or other fabric stiffened with starch, which, upon becoming wet, gets limp, loses its shape, and absorbs the dirt, besides being objectionable on account of the harsh scraping noise it makes upon the pavement.

"By my improvement these objections are overcome. The water-proof protector preserves the lower edge of the dress from all moisture on the ground, retains its rigidity and proper shape, giving a graceful hang to the skirt, and can easily be cleaned."

Both the figures referred to in the specification represented skirt protectors made with plaited or fluted bands.

The claim was as follows :

"As a new article of manufacture, a skirt facing or protector, having a fluted or plaited border, bound with or composed of enameled cloth or water-proof material, substantially as and for the purpose set forth."

On November 9, 1874, the patentee filed in the Patent Office, a disclaimer by which she struck out from her claim the words " facing or," leaving the claim to cover only a skirt protector.

The answer of the defendants denied infringement and denied that Macdonald was the first and original inventor of the improvement described in her patent.

Upon final hearing, the Circuit Court found the issues were for the plaintiff, and entered a decree in her favor against the defendants for profits and damages, and restrained the latter from selling, to be used, protectors embracing said patented improvement, or any substantial part thereof. From this decree the defendants appealed. After the appeal Macdonald died, and Carrigan, who had been appointed her administrator, was made appellee in her stead.

The evidence shows that skirt protectors are made isolated and are sold as distinct articles of manufacture, and not as a part of the dress to which they are to be attached. They are kept in shops for sale singly or by the dozen, and the purchasers

use them by sewing them on the inside of the trains of long dresses near the lower edge. They can be easily detached when worn out and new ones substituted. It is admitted that the defendants sell skirt protectors made under the patent issued to Theodore D. Day, March 23, 1875, for an "improvement in skirt protectors." The improvement of Day is that described in the specification of his patent:

"I use a strip of India-rubber that is made with longitudinal ribs, of sufficient size to withstand the wear to which it is subjected, and between these ribs there is a groove that makes the strip light and flexible, and the web of rubber between the ribs receives a line of stitching, by which the protector strip is united to a strip of rubber cloth, muslin, or other suitable material that is to be attached to the inside of the dress at or near the lower edge."

The skirt protectors made under this patent are not made with a fluted or plaited band or border. The defendants insist that, by reason of this fact, they are essentially different from the improvement described in the Macdonald patent, and therefore do not infringe that patent. On the other hand, the plaintiff insists that the fluted or plaited border mentioned in the Macdonald patent is a matter of descriptive form merely, and not an essential part of the invention covered by the patent; and that the use of skirt protectors without a fluted or plaited border, but in other respects substantially like the protectors described in the Macdonald patent, is an infringement of that patent. Upon this issue we think the defendants are right.

It appears from the file-wrapper and contents in the matter of letters patent granted to Helen M. Macdonald, that, in the first application for her patent, dated May 6, 1873, the specification described her patent as follows:

"My invention consists of a strip of enamelled muslin from two to four inches wide, which may be covered with any dress material, such as silk, cashmere, alpaca, armure, or tamise cloth; it is then formed in pleats, and bound across the top (like samples), said pleats being held in place by one row of machine stitching through the centre. It is then ready to be sewed in the dress skirt.

"My invention protects the dress from being cut or damaged by contact with earth or brick or concrete pavements and sidewalks, said invention being impervious to moisture; it also protects the skirt from being soiled or damaged by mud or dampness of street crossings, sidewalks, &c.

"It also forms a very neat trimming, and improves the hanging of the skirt."

On May 10, 1873, Macdonald, for some reason which does not appear, withdrew this specification and substituted the following:

"My invention consists in protecting the lower edge of dresses and other garments by affixing thereto a portion of water-proofed material, or in water-proofing the material itself; and I claim as my invention the use of water-proofed material, in whatsoever form it now exists or may hereafter exist, for the purpose of protecting the lower edge of all garments from wear and soiling, either from friction or moisture, and refer to the enclosed samples as substantially representing my invention." In this specification all reference to plaits or plaiting is omitted.

The application with the substituted specification was rejected by the Patent Office on August 9, 1873, and the applicant was referred to the patent issued to James A. McKee, January 10, 1865, which covered neither a plaited nor fluted band or border as one of its elements. Upon re-examination her application was, on September 9, again rejected.

On October 9, 1873, after the second rejection, Macdonald filed an amended specification, in which she described her invention and stated her claim as follows:

"My invention consists in protecting the lower edge of dresses and other garments. by affixing thereto a portion of water-proofed or enamelled material, or in water-proofing the material itself; and I claim as a new article of manufacture a skirt facing or protector, having a plaited or fluted border bound with or composed of enamelled cloth or other water-proof material, substantially as and for the purpose set forth."

On October 30 she was informed by the Patent Office that her application was adjudged to interfere with the pending ap-

plication, among others, of M. Herbert Chase, and that "the subject-matter involved in the interference" was "a skirt protector having a fluted or plaited border." The skirt protector of Chase referred to in the notice of interference was a plaited strip of India-rubber. Macdonald prevailed over Chase in the matter of the interference between their two applications, and received the patent for her invention, which is the patent involved in this suit.

This patent, it will be observed, covers a skirt protector merely, without including any means or method for attaching it to the dress, the purchaser being left to fasten the protector to the dress in her own way.

It is shown by the evidence in the record that for several years prior to the earliest date assigned by Macdonald for the discovery of her device, in fact as far back as 1857, strips of enamelled cloth without fluting or plaiting had been sewed on the bottom of the skirts of ladies' dresses, so as to project below the lower edges, with a view of protecting the inside surface and lower edge.

This fact, and the file-wrapper and contents of which we have stated the substance, make it clear that the claim and specification of the Macdonald patent must be construed to include, as their language requires, a fluted or plaited band or border as one of the essential elements of the invention. Without this element the patent would not have been issued. The Patent Office decided that without it the invention had been anticipated. Where an applicant for a patent to cover a new combination is compelled by the rejection of his application by the Patent Office to narrow his claim by the introduction of a new element, he cannot after the issue of the patent broaden his claim by dropping the element which he was compelled to include in order to secure his patent. *Leggett* v. *Avery*, 101 U. S. 256; *Goodyear Dental Vulcanite Co.* v. *Davis*, 102 U. S. 222, 228; *Fay* v. *Cordesman*, 109 U. S. 408; *Mahn* v. *Harwood*, 112 U. S. 354, 359; *Cartridge Co.* v. *Cartridge Co.*, 112 U. S. 624, 644; *Sargent* v. *Hall Safe & Lock Co.*, 114 U. S. 63.

In the case of *Fay* v. *Cordesman, ubi supra,* it was said by Mr. Justice Blatchford, who delivered the judgment: "The

claims of the patents sued on in this case are claims for combinations. In such a claim, if the patentee specifies any element as entering into the combination, either directly by the language of the claim, or by such a reference to the descriptive part of the specification as carries such element into the claim, he makes such element material to the combination, and the court cannot declare it to be immaterial. It is his province to make his own claim and his privilege to restrict it. If it be a claim to a combination, and be restricted to specified elements, all must be regarded as material, leaving open only the question whether an omitted part is supplied by an equivalent device or instrumentality." So in *Sargent* v. *Hall Safe & Lock Co.*, *ubi supra*, the same Justice said : " In patents for combinations of mechanism, limitations and provisos, imposed by the inventor, especially such as were introduced into an application after it had been persistently rejected, must be strictly construed against the inventor and in favor of the public, and looked upon as in the nature of disclaimers." These authorities are in point and decisive of the present case.

If an applicant, in order to get his patent, accepts one with a narrower claim than that contained in his original application he is bound by it. If dissatisfied with the decision rejecting his application, he should pursue his remedy by appeal. Under the circumstances of this case, the inventor could not even get a reissue based on the broader claim which she had abandoned. *Leggett* v. *Avery*, *ubi supra*. Much less can she, in a suit brought to restrain its infringement, enlarge her patent by argument, so as to cover elements not falling within its terms, and which she had explicitly abandoned.

As the skirt protectors sold by the defendants have neither plaited nor fluted bands or borders, we are of opinion, in accordance with the views expressed, that they do not infringe the patent of the plaintiff.

*The decree of the Circuit Court must be reversed, and the cause remanded, with directions to dismiss the bill.*