DOBSON *v.* LEES.[1]

(*Circuit Court, E. D. Pennsylvania.* April 25, 1887.)

PATENTS FOR INVENTIONS—REISSUE—VALIDITY.

Reissued letters patent, containing a claim not mentioned in or covered by the original letters patent, are invalid, particularly where the reissued claim was refused upon the original application for the patent.

In Equity.
*George E. Buckley* and *Francis T. Chambers,* for complainant.
*Hector T. Fenton,* for respondent.

PER CURIAM. In the view we take of this case, the only question it is necessary to consider is that which involves the validity of the reissue upon which the suit is founded. The reissue is assailed on two grounds: (1) That it is an expansion of the original patent, the sole claim in it

---

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

not being covered by the original; and (2) that it was not competent for the commissioner of patents to grant a reissue with this effect, and for this purpose.

We find the first ground of objection to be fully sustained by a comparison of the original and reissued patents. The only claim in the reissue is for a combination not claimed in or covered by the original patent, and hence is not for the same invention described in the latter. Can this defect be corrected by a reissue? The claim in the reissue was before the commissioner, and its allowance urged by the patentee through his solicitor, but was not allowed, being omitted at his instance, and it was thereupon stricken out by the commissioner. The patent was issued without this claim, and was accepted in this form; but a week or two after its issue was surrendered by the patentee, and a reissue asked for, which was ultimately granted in its present form. Under these circumstances, we regard this case as following clearly within the case of *Leggett* v. *Avery*, 101 U. S. 256. Mr. Justice BRADLEY there says:

"It is obvious, on inspection, that these claims are for substantially the same inventions which were disclaimed before the extension, and are for different inventions from that which was included in and secured by the letters patent as extended. The court below deemed this, among other things, a fatal objection to the validity of the reissued letters patent. We agree with the circuit court. We think it was a manifest error of the commissioner, in the reissue, to allow to the patentee a claim for an invention different from that which was described in the surrendered letters, and which he had thus expressly disclaimed. The pretense that an 'error had arisen by inadvertence, accident, or mistake,' within the meaning of the patent law, was too bald for consideration. The very question of the validity of these claims had just been considered and decided, with the acquiescence and the express disclaimer of the patentee. If, in any case, where an applicant for letters patent, in order to obtain the issue thereof, disclaims a particular invention or acquiesces in the rejection of a claim thereto, a reissue containing such claim is valid, (which we greatly doubt,) it certainly cannot be sustained in this case. The allowance of claims once formally abandoned by the applicant, in order to get his letters patent through, is the occasion of immense frauds against the public. It not unfrequently happens that, after an application has been carefully examined and compared with previous inventions, and after the claims which such an examination renders admissible have been settled with the acquiescence of the applicant, he, or his assignee, when the investigation is forgotten, and perhaps new officers appointed, comes back to the patent office, and, under the pretense of inadvertence and mistake in the first specification, gets inserted into reissued letters all that had been previously rejected. In this manner, without an appeal, he gets the first decision of the office reversed, steals a march on the public, and on those who before opposed his pretensions, (if, indeed, the latter have not been silenced by purchase,) and procures a valuable monopoly to which he has not the slightest title. We have more than once expressed our disapprobation of this practice. As before remarked, we consider it extremely doubtful whether reissued letters can be sustained in any case where they contain claims that have once been formally disclaimed by the patentee, or rejected with his acquiescence, and he has consented to such rejection in order to obtain his letters patent. Under such circumstances, the rejection of the claim can, in no just sense, be regarded as a matter of inadvertence or mistake. Even though it was such, the applicant should seem to be estopped from setting it up on an application for a reissue."

This case has been followed repeatedly. See *Shepard* v. *Carrigan*, 116 U. S. 593, 6 Sup. Ct. Rep. 493; *Cartridge Co.* v. *Cartridge Co.*, 112 U. S. 624, 5 Sup. Ct. Rep. 475; *Atwater Co.* v. *Beecher Co.*, 8 Fed. Rep. 608; *Putnam* v. *Hutchinson*, 12 Fed. Rep. 127; *Edgarton* v. *Manufacturing Co.*, 9 Fed. Rep. 450; *Streit* v. *Lauter*, 11 Fed. Rep. 309.

We cannot distinguish the patentee and his counsel, as to what occurred during the pendency of the application for the patent, and the acceptance of it by the latter, as was earnestly urged in the argument. We must regard the patentee as bound by the acts of his counsel, and give effect to them accordingly. The bill is therefore dismissed, at the costs of the complainant.