## JOHNSON v. OLSEN.

### (Circuit Court, D. Indiana. May 29, 1894.)

### No. 8,782.

1. PATENTS—LIMITATION OF CLAIMS—REJECTION AND ACQUIESCENCE.
    The principle that an inventor who acquiesces in the rejection of a claim is estopped from insisting upon such a construction of the claims allowed as would be equivalent to what was rejected, applies when the rejected claim is narrower, as well as when it is broader, than those allowed. Morgan Envelope Co. v. Albany Perforated Wrapping Paper Co., 14 Sup. Ct. 627, followed.

2. SAME—INVENTION—EXCELSIOR MACHINES.
    The use of lugs to prevent lateral movement having been long known and practiced, their adaptation to an excelsior machine, to prevent lateral movement of the sliding plate, involves no invention.

3. SAME.
    Wooden bearings for excelsior machines being old, there is no invention in placing the wood so that the grain will run vertically with the line of motion, instead of at right angles thereto.

4. SAME.
    The Johnson patent No. 452,553, for improvements for excelsior machines, is void for want of novelty and invention.

This was a suit by Jesse B. Johnson against Olaf R. Olsen for infringment of a patent for improvements in excelsior machines.

V. H. Lockwood, for complainant.
Chester Bradford, for defendant.

BAKER, District Judge.    This is a suit in equity for an injunc-
tion, and for the recovery of damages for the infringement of let-
ters patent of the United States No. 452,553, issued May 19, 1891,
to the complainant, on improvements in excelsior machines.    The
defendant has interposed as grounds of defense: license, invention
of the machine by defendant, abandonment, two years' prior use,
that the claims are for aggregations, lack of novelty, and lack of
invention.    The defendant's contention—and the only one which
the court deems it necessary to pass upon—is that the complain-
ant's patent is void for lack of novelty and lack of invention.    The
object of the invention is to enable upright excelsior machines to
cut a larger quantity of long, unbroken, hair-like fibers from wood
than prior machines had been able to cut, and to produce a ma-
chine which could be operated more cheaply, while it would last
longer, and need less repairs.    The claims as finally allowed, and
the claims originally made and rejected, and afterwards canceled
by complainant, and also the various amendments which appear
in the record of the application on which the patent was granted,
are as follows:

Jan. 23, '91.    1.    In an excelsior machine a framework, a driving
mechanism carried thereon, a reciprocating frame carrying
knives connected to such driving mechanism, a pair of
corrugated rolls to hold the block of wood in place.
the lower roll journaled in boxing, upon the uprights,
Dec. 15, '90.    *movable vertically upon a recessed bed-plate bolted to the frame*
the upper journaled on a ~~movable sliding~~ plate, and
                                                    ʌ
Nov. 28, '90.                *to such sliding plate.*
springs connected ~~therewith~~ whose tension holds the
                            ʌ
upper roll in contact with the wood, all combined sub-
stantially as shown and described.

1.    2.    In an excelsior machine a framework, driving
mechanism carried therein, reciprocating knives connected
to the driving mechanism, a pair of corrugated rolls for
holding the block of wood, the upper connected to a
sliding plate, a pair of springs connected to such
sliding plate, for holding the upper roll in contact with
Dec. 15, '90.                                        *recessed*
the wood, the sliding plate moving vertically upon a bed
                                                    ʌ
plate having lugs to prevent any lateral movement of the
Nov. 28, '90.    ~~and its central part recessed as shown~~
slide and crank and gear mechanism connected to such
        ʌ
sliding plate for lifting the same, all combined sub-
stantially as shown and described.

*Jan. 23, '91.*    3. In an excelsior machine a framework, driving mechanism carried thereon, reciprocating knives connected to the driving mechanism, a pair of corrugated rolls for receiving and holding the block of wood to be operated upon, the lower one journalled in boxings upon the uprights of the frame, the upper one journalled in boxings

*Dec. 15, '90.*    ~~sliding~~ *upon a recessed bed-plate bolted to the frame* upon a ~~sliding~~ plate, springs connected to such sliding plate for holding the upper roll in contact with the wood, pinions connected to the shaft of such roll, a vertical shaft connected to and revolvable by the main shaft provided with worms engaging with gears on the corrugated rolls and so disposed that the upper and lower rolls revolve in opposite directions for holding the block of wood and feeding it to the knives, all combined substantially as shown and described.

2. In an excelsior machine a framework, driving mechanism carried in bearings thereon, a vertically reciprocating slide frame carrying scoring and shaving knives connected to such driving mechanism, a pair of corrugated rolls for gripping and feeding the wood to the knives, the lower one journalled in boxings on the framework, the upper one journalled in bearings on a sliding plate, springs connected to such plate for holding the

*Dec. 15, '90.*    upper roll in contact with the wood, such ~~its central point recessed and~~ *recessed*

*Nov. 28, '90.*    sliding plate moving vertically in bed plates let into *and* the framework provided with lugs for preventing the lateral movement of the slide, all combined substantially as shown and described.

*Erase and insert A.*
*Nov. 28, '90.*    5. ~~In an~~ excelsior machine the bed plate (8), the central portion set in and ~~its ends~~ provided with lugs, substantially as and for the purpose ~~described.~~

*A.*    3. In an excelsior machine the bed plate (8), its central portion recessed and let into the upright of the frame, its ends provided with lugs, in combination with a sliding plate (5) and an upper corrugated roll journalled therein, substantially as shown and described.

4. ~~6.~~ In an excelsior machine the sliding plate (5) having a rack-bar at its upper end and a slot (11) at its lower end secured to the upright (f) of the frame

*Nov. 28, '90.* ~~by a countersunk bolt (9) and a lower bolt (10),~~ such plate sliding upon a bed plate (8) having its central part set back and lugs (1) upon its upper and lower ends, and having a boss (26), in combination with springs (2) connected to the sliding plate, substantially as shown and described.

*Jan. 23, '91.*   ~~7.~~ In an excelsior machine a pair of corrugated rolls for gripping a block of wood, the lower one journalled in bearings on the framework, the upper one journalled in bearings on a plate sliding vertically

*Dec. 15, '90.*    *a recessed bed-plate bolted to*
upon the framework, in combination with springs connected
         ^
to such slide for holding the upper roll against the ·block of wood, the shafts of such rolls provided with pinions which engage with worms upon a vertical rod driven from the main shaft, whereby the upper and lower rolls are revolvable in opposite directions for gripping the wood and feeding it to the knives, all combined substantially as shown and described.

5. ~~6.~~ In an excelsior machine a framework, plates connected to the sides thereof, auxilliary plates adjustably connected to such side plates, wooden backings connected to lugs, one to the adjustable plate and the other to the stationary plate, and set with the grain of the wood vertically and at such a distance as to permit the passage of the knives between such wooden backings, all combined substantially as shown and described.

6. ~~9.~~ In an excelsior machine a framework, driving mechanism carried thereon, a vertically reciprocating slide frame carrying scoring and shaving knives connected to such driving mechanism, such slide frame provided with wooden backings, the grain of the wood being vertical on either side, metal plates connected to the side of the framework, and means for adjusting the same to compensate for the wear of the parts during the operation of the machine, all combined substantially as shown and described.

An analysis and comparison of the rejected and canceled claim 1 of the application, and the original claim 2 of the application, which became claim 1 of the patent, will show that the only ma-

terial difference between them is in the addition of lugs to the bed plate, and the crank and gear mechanism for operating the sliding plate in the claim allowed. Claim 1 of the application was rejected by the examiner on the distinct ground that it had been anticipated in former patents, American, English, and German. This decision of the examiner was acquiesced in by the complainant, and the rejected claim was canceled. The patentee having once presented his claim in that form, and the patent office having rejected it, and he having acquiesced in that rejection, is, under the repeated decisions of the supreme court, now estopped to claim the benefit of his rejected claim, or such a construction of his present claims as would be equivalent thereto. Leggett v. Avery, 101 U. S. 256; Shepard v. Carrigan, 116 U. S. 593, 6 Sup. Ct. 493; Crawford v. Heysinger, 123 U. S. 589, 8 Sup. Ct. 399; Union Metallic Cartridge Co. v. U. S. Cartridge Co., 112 U. S. 624, 5 Sup. Ct. 475.

It is true that these were cases where the original claim was broader than the one allowed, but the principle is the same if the rejected claim is narrower. Morgan Envelope Co. v. Albany Perforated Wrapping Paper Co., 14 Sup. Ct. 627. Why the claims 1 to 4, inclusive, of the present patent were allowed after the rejection of claims 1, 3, 5, and 7 of the original application does not appear. The objections made to the claims as originally presented seem to be equally applicable to those allowed. The crank and gear mechanism for operating the sliding plate are old and familiar, and no novelty is shown in their combination or use. The lugs to prevent lateral movement of the sliding plate are made an element in the first four claims of the patent, and it would seem that they constituted the feature which was regarded by the examiner as distinguishing these four claims from the prior art. The use of lugs to prevent lateral movement has been long known and practiced, and, even if this were not so, their application by the patentee as shown and described in his patent would not constitute invention. If lugs had not been previously used in excelsior machines, their use would have been readily suggested to a skillful mechanic familiar with such machines.

If the springs connected with the sliding plate for holding the upper roll in contact with the wood were not the mechanical equivalent of the weights formerly in use to accomplish the same purpose (and I am inclined to think they are), still the springs were an essential part of the rejected claims, and, having acquiesced in their rejection, the complainant is now estopped to ask for such a construction of his present claims as would give him the benefit of his rejected claims.

Claims 5 and 6 are in all their essential features old and well known, and conceded to be, except that the wooden linings in the slides are arranged with the grain of the wood running vertically with the line of motion. Wooden bearings, wooden linings for bearings, and wooden slides for bearings are all old and well-known devices. Wooden bearings for excelsior machines were known and in use prior to complainant's alleged invention, differ-

ing from it in no important particular except that the grain of the wood was placed at right angles with the line of motion. This change, in my opinion, does not constitute invention.

In view of what has already been said, I do not deem it necessary to express any opinion upon the other grounds of defense. The bill will be dismissed for want of equity, at complainant's cost.