WALTER A. WOOD MOWING & REAPING MACH. CO. v. WILLIAM DEERING & CO. et al.

(Circuit Court, N. D. Illinois.  March 5, 1895.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—EXTENT OF CLAIM.
   Letters patent No. 456,825, July 28, 1891, to George H. Howe, applied for May 4, 1885, is not infringed by the sheaf carriers shown and described in the Kennedy & Steward patent, No. 405,892, June 25, 1889, and in the Steward patent, No. 482,931, June 24, 1891.

2. SAME—INTERFERENCE.
   In the interferences between the Howe application and those of Kennedy & Steward, Ellis and others the patent office arrayed or classified the carrier attachments as of two separate and distinct types or species,—that of Howe being designated as "single-jointed" in design, and that of Kennedy & Steward and one form of Ellis as "double-jointed."  Held, that the Howe patent is limited to single-jointed carriers, and the carriers of the defendant, being double-jointed, are therefore not infringements.

3. SAME—EXTENT OF CLAIM.
   After Howe had made repeated efforts to broaden the claims of his patent so that they might cover double-jointed carriers, and after his patent had been secured in the interference proceedings upon the distinction of the single-jointed feature, the assignee of the patent must abide by the conditions under which the grant was obtained, and is not at liberty in court to ask for a construction relinquished in the patent office.

4. SAME—CONSTRUCTION.
   The Howe patent is for an improvement only, and is not for a fundamental invention, and the value of the improvement is not in question, and the fact that it is not a pioneer determines the rule of its construction.

Bill by the Walter A. Wood Mowing & Reaping Machine Company against William Deering & Co. and others to restrain infringement.

George Harding and Pierce & Fisher, for complainant.
Banning & Banning and Edmund Wetmore, for defendants.

SEAMAN, District Judge.    This bill charges infringement of letters patent No. 456,825, issued to complainant as assignee of George H. Howe, July 28, 1891, for an improvement in "sheaf carrier and dumper for harvesters," applied for May 4, 1885.    The claims of which infringement is alleged are as follows:

"(1) The combination, with a harvester, of a sheaf carrier composed of projecting rods, each having a journal at an angle to the projecting portion of

the rod and being connected with the harvester by a bearing constructed and arranged so as to cause each rod in dumping to move downwardly and laterally towards its support.

"(2) The combination, with a harvester, of a sheaf carrier composed of laterally projecting rods, each having a journal at an angle to the projecting portion of the rod, and being connected to the side of the harvester by a bearing so inclined as to cause each rod in dumping to move downwardly and backwardly toward the side of the machine.

"(3) The combination, with a harvester, of a sheaf carrier composed of a series of laterally projecting rods, each having a journal at an angle to the projecting portion of the rod, and being connected to the side of the harvester by a bearing so inclined as to cause each rod in dumping to move downwardly and backwardly toward the side of the machine, and a bar to which the inner ends of all the rods are connected, to cause them to move concurrently.

"(4) The combination, with a harvester, of a sheaf carrier composed of a series of laterally projecting rods, each having a journal at an angle to the projecting portion of the rod, and being connected to the side of the harvester by a bearing so inclined as to cause each rod in dumping to move downwardly and backwardly toward the side of the machine, a bar to which the inner ends of all the rods are connected, and connections between the bar and the lever within the reach of the driver."

The alleged infringing devices employed by the defendant appear in the record as "Carrier A" and "Carrier B." The former appears in the Kennedy & Steward patent No. 405,892, granted June 25, 1889 (application July 27, 1885), and the latter in patent No. 482,931, granted to J. F. Steward, September 20, 1892, on application filed June 24, 1891.

The answer of the defendants denies infringement, sets up an invention by Ellis of a so-called "Strawberry Point" machine, interference proceedings in the patent office, and adjudication there that the Ellis conception was prior to the Howe (complainant's); that the Strawberry Point machine contains all that was new or patentable in Howe's; that Steward was a prior inventor; and also sets up the prior state of the art as shown by patents of Burnham, Gage, Burson, Dentler, Bell, and others. The testimony is voluminous, and includes that of Mr. See, as expert on the part of complainants, and Mr. Dayton on the part of defendants, and the file wrapper and contents in respect to each of the patents in controversy, and the several interference proceedings in the patent office.

The argument of this case was clear and instructive in presentation of the questions involved, and I regret that other engagements have so long postponed the final consideration, and that, after taking considerable time in careful study of the numerous points which are set forth in the extended briefs and in reviewing the record, I must confine my opinion to a brief statement of conclusions. It is disclosed by the record, as stated by the witness Carver in behalf of the complainant, that "there was a tremendous effort on the part of the manufacturers in 1884 and 1885 to produce a successful bundle carrier" for attachment to the well-known harvester devices. The carriers in use were not satisfactory, and the representative of complainant's machines came in the fall of 1884 from an unsuccessful contest in England, which he attributed to the imperfection of their bundle carrier, and set Mr. Howe upon the work of inventing a remedy. Earlier in that same year the defendants were experimenting to the same end in the wheat

fields of Texas and elsewhere, and Ellis, whose conceptions figure prominently in the contest, was at work in the line prior to Howe. The race on the part of the complainant and the defendants was to find an attachment which would give preference to their harvesters respectively. There were numerous prior devices for the purpose, in one form or another. The contestants were seeking improvements, and in view of the prior state of the art their inventions for which patents were sought and granted cannot be considered fundamental or pioneer inventions. With reference to the inventive conceptions of Ellis, I do not find it necessary to decide the question of priority. or how far he may have been informed by the exhibition of the Howe device, in the spring of 1885, for the working out of his patent, now owned by the defendants. All the controversy in this case seems to me to be resolved by the proceedings in the patent office, whereby the respective claims were clearly limited, and the litigants accepted their patents with the amendments, construction, and limitation there placed upon them, and, in the controlling features, largely upon the distinctions for which the complainant then contended to uphold the Howe invention. The patents were reconciled in the rulings of the patent office by arraying or classifying the carrier attachments as of two separate and distinct types or species; that of Howe being designated as "single-jointed" in design, and the other, of Kennedy & Steward, and one form of Ellis, as "double-jointed." An attempt by Steward to obtain allowance of a claim in his patent which would cross this line with single-axis carrier fingers was successfully contested by the complainant upon this distinction. In substance the patent office gave and the complainant accepted a definition of these several claims of the Howe patent as securing and limiting to the construction of a carrier in which the rods or fingers had a journal with fixed inclined bearing to give the requisite movements, the pivot being single and invariable, called the "single joint," as distinguished from the double-joint journal of Burson's prior invention, and of which Kennedy & Steward were allowed as improvers. The defendants' sheaf carrier is clearly of the latter construction and type. It has not the single and invariable pivot, but the fingers are mounted upon pivots which are in a vertical position while receiving their load, and, as the fingers move to discharge the load, the pivot changes to an inclined position from the vertical. The complainant was met with this distinction and the prior invention of double-jointed devices against repeated efforts to broaden the claims for the Howe patent so that they might bear the construction for which complainant now contends, and, when thrown into interference with the double-jointed inventions, saved its grant for a patent upon the distinction of this single-axis feature of his invention.

The opinions handed down in the interference proceedings are instructive, and are convincing to my mind that the true theory was there adopted, and probably the only one upon which this patent could be founded. The rulings thereupon adopted must control for the construction of these claims. The decisions of the

supreme court are clear and uniform that the complainant must abide by the conditions which were there imposed and accepted, and that it is "not at liberty now to insist upon a construction which will include what it was expressly required to abandon and disavow as a condition of the grant." Sutter v. Robinson, 119 U. S. 541, 7 Sup. Ct. 376; Shepard v. Carrigan, 116 U. S. 598, 6 Sup. Ct. 493; Sargent v. Lock Co., 114 U. S. 86, 5 Sup. Ct. 1021; Morgan Envelope Co. v. Albany Perforated Wrapping Paper Co., 152 U. S. 425, 14 Sup. Ct. 627. The recent and important decision by the circuit court of appeals of the First circuit (Reece Button-Hole Mach. Co. v. Globe Button-Hole Mach. Co., 10 C. C. A. 194, 61 Fed. 958) is not in opposition to the above cases, but expressly recognizes their authority and their application where "there was a fair issue formulated and understood by the applicant for the patent, requiring him clearly to yield directly a portion of what he claimed, and the effect of his yielding could not be mistaken." That the complainant's patent was for an improvement only, and not a fundamental invention, seems entirely clear. Sheaf carriers composed of projecting rods or fingers appear in several prior patents (Dentler, Burnham, Bell, and Burson). The features of curved finger, and of hinging to drop the load, and for swinging horizontally, and of devices for the driver to operate, are found in one or other of these. The value of the improvement is not the question. The fact that it is not a pioneer determines the rule of construction. I feel constrained to hold that the defendants' carriers do not infringe, and the bill must be dismissed for want of equity. So ordered.