**CHICAGO MILL & LUMBER CO. et al. v. GRAND RAPIDS SAMPLE CASE CO.**

No. 2768.

District Court, W. D. Michigan, S. D.

June 30, 1937.

Frank E. Liverance, Jr., of Grand Rapids, Mich., for plaintiff.

Earl & Chappell, of Kalamazoo, Mich., for defendant.

RAYMOND, District Judge.

The accompanying findings of fact and conclusions of law disclose the background of these proceedings. The patent in suit relates to boxes constructed of light weight material, tapered to permit nesting, and provided with stacking irons or bails so pivoted that they can be swung outwardly to a collapsed position for nesting, or inwardly to an erected position thereby providing seats for a superimposed box or boxes.

The objects of the invention as stated in the application filed August 18, 1930, are,—

" * * * the object of the invention is to provide a new construction of box of a light weight material such as plywood or veneer and of such strength and rigidity as to withstand ordinary handling without breakage or deformation.

"A further object is to provide a box of such construction as to permit stacking in nested relation when empty whereby they occupy comparatively small space and in which relationship they are prevented from a wedging relation one with the other.

"A further object and feature of the invention is to provide a box having tapered side and end walls permitting the same to be nested and means provided to limit the extent to which one box may be inserted into the other, and further to provide, in conjunction with the box, what I have termed stacking irons or bails whereby the boxes when filled may be stacked one over the other, the bottom of the upper box resting upon the bail of the lower box, thus providing a space between the bottom of one box and the top walls of the lower box ensuring ventilation, and with the stacking irons so constructed as to prevent lateral displacement of one box relative to the other thereby enabling the filled boxes to be readily transported in such stacked relation."

Consideration of the cited prior art renders too clear for discussion the fact that downwardly tapered nesting boxes provided with stacking irons or bails are old in the art (Lane 1,187,749; Lowe 1,219,969; and White 1,689,217), and it is at least doubtful whether the claimed invention discloses such a degree of advance from the known

art as to amount to invention as distinguished from mere mechanical skill. The superior advantages now asserted reside solely in the stacking iron and the manner and position in which it is located and pivoted on the boxes. The cooperative relationship between that and the other elements is relied upon to establish patentability. It is open to question whether, in view of the prior art, Brown displayed the degree of ingenuity or the flash of genius essential to monopolistic privilege. See Vulcan Corporation v. Slipper City Wood Heel Co., 6 Cir., 89 F.2d 109. Invention if present is of an exceedingly limited scope. However, in the view which the court takes upon the issue of infringement, disposition of the issue of validity is not necessary.

Claims 2 and 3 which include the element of so positioning the stacking irons that they rest upon the respective ends of the box to permit nesting (an element not found in Exhibits E and F charged to infringe) are the only claims in suit which were included within the patent as originally applied for. The allowance of the remaining claims in suit was obtained a short time after interference proceedings in which Lane 1,187,749 was cited for the first time and which resulted in amendment of the specifications to include the following: " * * * The essential features of the box and the iron are that the box shall be of tapered form having the inclined side and end walls preferably of panel like form and stacking irons of U shape having the legs inturned at the free ends for pivotal relation with the respective opposite side walls and adjacent the respective end walls so that in turning the irons inwardly the cross members of the irons are supported by the upper edges of the said side walls to which the irons are pivoted. The cross members of each iron are on opposite sides of a transverse center plane of the box when folded thereover and the legs lie on the outer face of the side walls to support the side walls from material bulging from the weight of superimposed loaded boxes resting upon the cross members of the iron. Preferably also these irons are depressed or have an offset portion 10 on which a second box may be stacked with the bottom thereof below the upper edge of the lower box whereby material lateral displacement is prevented, the said irons being further turnable to a position clear of the open top to permit the second box to be introduced thereinto in nesting relation."

Lane 1,187,749 shows a stacking and nesting box provided with stacking irons pivoted on the opposite ends of the box with cross members offset to provide seats for a superimposed box and down-turned end portions engaging the sides of the box. Each of the claims relied upon in this suit involves the pivoting of the stacking irons upon the opposite side rails and turnable to position the crossmember thereof upon the side rails to distinguish from Lane or other prior art structures. The amendment of the application on October 24, 1934, by the introduction of claims 6 to 10 inclusive and the amendment of specifications to place emphasis upon means to support the side walls against material bulging from superimposed weights resulted in allowance of the patent on October 27, 1934. The emphasis thereby placed upon the point of pivoting the stacking irons cannot be ignored in determining the scope of the patent. The rule for interpretation of patents in the circumstances here disclosed is well stated in the case of R. H. Buhrke Co. v. Brauer Bros. Mfg. Co., 8 Cir., 33 F.2d 838, 839, where it is said: "This rule is clearly expressed in I. T. S. Rubber Co. v. Essex Rubber Co., 272 U.S. 429, quoting from page 443, 47 S. Ct. 136, 141 (71 L.Ed. 335), where the court said: 'It is well settled that where an applicant for a patent to cover a new combination is compelled by the rejection of his application by the Patent Office to narrow his claim by the introduction of a new element, he cannot after the issue of the patent broaden his claim by dropping the element which he was compelled to include in order to secure his patent. Shepard v. Carrigan, 116 U.S. 593, 597 (6 S.Ct. 493, 29 L.Ed. 723). If dissatisfied with the rejection he should pursue his remedy by appeal; and where, in order to get his patent, he accepts one with a narrower claim, he is bound by it. Shepard v. Carrigan, supra (116 U.S.) 597 (6 S.Ct. 493); Hubbell v. United States, 179 U.S. 77, 83 (21 S.Ct. 24, 45 L.Ed. 95). Whether the examiner was right or wrong in rejecting the original claim, the court is not to inquire. Hubbell v. United States, supra (179 U.S.) 83 (21 S.Ct. 24). The applicant having limited his claim by amendment and accepted a patent, brings himself within the rules that if the claim to a combination be restricted to specified elements, all must be regarded as material, and that limitations imposed by the inventor, especially

512

such as were introduced into an application after it had been persistently rejected, must be strictly construed against the inventor and looked upon as disclaimers. Sargent v. Hall Safe & Lock Company, 114 U.S. 63, 86 (5 S.Ct. 1021, 29 L.Ed. 67); Shepard v. Carrigan, supra (116 U.S.) 598 (6 S.Ct. 493); Hubbell v. United States, supra (179 U.S.) 85 (21 S.Ct. 24). The patentee is thereafter estopped to claim the benefit of his rejected claim or such a construction of his amended claim as would be equivalent thereto. Morgan Envelope Co. v. Albany Paper Co., 152 U.S. 425, 529 (14 S.Ct. 627, 38 L.Ed. 500). So where an applicant whose claim is rejected on reference to a prior patent, without objection or appeal, voluntarily restricts himself by an amendment of his claim to a specific structure, having thus narrowed his claim in order to obtain a patent, he "may not by construction, or by resort to the doctrine of equivalents, give to the claim the larger scope which it might have had without the amendments which amount to a disclaimer." Weber Electric Co. v. Freeman Elec. Co., 256 U.S. 668, 677 (41 S.Ct. 600, 65 L.Ed. 1162).'"

Careful examination of defendant's commercial structures Exhibits E and F results in the conclusion that they follow the teaching of the prior art rather than of Brown, for the reason that the stacking irons thereof are not so pivoted or supported on the side walls that they function to prevent bulging as contemplated by the claims of the patent in suit interpreted within the narrow scope of patentability to which they are entitled. An order of dismissal will therefore be entered.