**MONTGOMERY WARD & CO., Inc., v. ROGERS et al.**

No. 4358.

Circuit Court of Appeals, Fourth Circuit.

Jan. 9, 1939.

William Nevarre Cromwell, of Chicago, Ill. (Clifford Frazier, of Greensboro, N. C., on the brief), for appellant.

E. L. Gavin, of Sanford, N. C., and L. R. Varser, of Lumberton, N. C. (S. J. Bennett and A. A. McDonald, both of Durham, N. C., H. M. Jackson, of Sanford, N. C., and W. H. Yarborough and Hill Yarborough, both of Louisburg, N. C., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and WAY, District Judge.

PARKER, Circuit Judge.

This is an appeal from a decree for plaintiff in a patent infringement suit. Rogers Patent No. 1,457,188, covering a "Multiple Hole Top for Burner Stoves", is the patent involved; and it was held by the court below to be valid and to have been infringed by stoves sold by the defendant.

The patent in suit is a combination patent covering an attachment for burner stoves using oil, gas or vapor fuel. The purpose of the attachment is to convey the heat of a single burner to a number of pot holes in the stove top. This is accomplished by means of a heat chamber, through which the burner is extended and by means of which the heat generated is carried to the pot holes. The fastening of the wall of the heat chamber to the top of the stove by an outwardly extending marginal flange, and the protection of the flame of the burner from drafts by a windshield, surrounding the heat chamber and depending below same, are elements specifically mentioned in the one claim of the patent, which is as follows: "In combination with a stove having a top, an upstanding burner at a distance below the top, a casing depending from said top having a bottom wall and an outwardly extending marginal flange at the upper edge secured to the under surface of the top, said casing having an opening in its bottom wall through which said burner extends, the burner terminating short of the top, said top having a plurality of outlet openings, and a windshield surrounding said casing and depending below the same and about the burner."

There was nothing new in a heat chamber used in connection with the top of a burner stove in such way as to carry the heat generated by a single burner to a number of pot holes. This is disclosed in Frey Reissue patent No. 7674, Hopkins patent No. 292,315, Watkins patent No. 771,955, Williams patent No. 1,038,253, Kendall patent No. 1,145,488, Wilcox patent No. 1,355,933, Kyle patent No. 246,320, Schwartz patent No. 329,598, Boeck patent No. 407,569, Nichol and Lacy patent No. 845,315, Frost patent No. 954,428, and Bunce patent No. 1,225,761. Nor was there novelty in the outwardly extending marginal flange in the attachment of the wall of the heat chamber to the top of the stove. This would appear to involve nothing more than ordinary mechanical skill in any event, but it was disclosed by the Grant patent No. 1,044,643. Broad claims covering the heat chamber as attached to the stove top and serving a number of heat outlet openings were rejected in the Patent Office on references to prior art patents and the only claim allowed was the one quoted, which covers the combination of the windshield

with the heat chamber, the examiner stating that it was "probably allowable".

We do not think, however, that the claim as allowed embraces any patentable novelty. Windshields to protect the flame in burner stoves from drafts were well known, as the examiner in the Patent Office pointed out. See Hopkins patent No. 292,315, Rose patent No. 1,001,450, Betts patent No. 1,019,123 and Williams patent No. 1,038,253. In attempting to distinguish his claims from the patents cited by the patent examiner, the patentee argued in the Patent Office that those patents did not show "the sectional windshield, so made that it may be removed or applied while the casing is in place". But the provision of a sectional windshield, removable when desired, was clearly a matter of mere mechanical skill and did not rise to the dignity of invention. Smith v. Magic City Kennel Club, 282 U.S. 784, 792, 51 S.Ct. 291, 75 L.Ed. 707; Wine Ry. Appliance Co. v. B. & O. R. Co., 4 Cir., 78 F.2d 312, 319.

But even if the patent were held valid, it is clear that it has not been infringed by defendant, for the reason that the stoves sold by defendant have not been equipped with the windshield described in the claim or with any equivalent thereof. Plaintiffs, while admitting that the stoves of defendant are not so equipped, contend that the windshield device is not an essential element of the invention and that its omission does not avoid infringement. The answer to this is that the patentee made it an essential element by including it in his claim for the combination. Broader claims omitting it were rejected and abandoned; and the narrower claim that includes it cannot be construed as though it were the equivalent of these claims. I. T. S. Rubber Co. v. Essex Rubber Co., 272 U.S. 429, 443, 47 S.Ct. 136, 71 L.Ed. 335; Doughnut Mach. Corp. v. Joe-Lowe Corp., 4 Cir., 67 F.2d 135, 138 and cases there cited. As said by the Supreme Court in the Rubber Company Case cited above:

"It is well settled that where an applicant for a patent to cover a new combination is compelled by the rejection of his application by the Patent Office to narrow his claim by the introduction of a new element, he cannot after the issue of the patent broaden his claim by dropping the element which he was compelled to include in order to secure his patent. Shepard v. Carrigan, 116 U.S. 593, 597, 6 S.Ct. 493, 29 L.Ed. 723. If dissatisfied with the rejection he should pursue his remedy by appeal; and where, in order to get his patent, he accepts one with a narrower claim, he is bound by it. Shepard v. Carrigan, supra [597, 6 S.Ct. 493]; Hubbell v. United States, 179 U.S. 77, 83, 21 S.Ct. 24, 45 L.Ed. 95. Whether the examiner was right or wrong in rejecting the original claim, the court is not to inquire. Hubbell v. United States, supra [83, 21 S.Ct. 24]. The applicant having limited his claim by amendment and accepted a patent, brings himself within the rules that if the claim to a combination be restricted to specified elements, all must be regarded as material, and that limitations imposed by the inventor, especially such as were introduced into an application after it had been persistently rejected, must be strictly construed against the inventor and looked upon as disclaimers. Sargent v. Hall Safe & Lock Co., 114 U.S. 63, 86, 5 S.Ct. 1021, 29 L.Ed. 67; Shepard v. Carrigan, 116 U.S. 598, 6 S.Ct. 493, supra; Hubbell v. United States, 179 U.S. 85, 21 S.Ct. 24, supra. The patentee is thereafter estopped to claim the benefit of his rejected claim or such a construction of his amended claim as would be equivalent thereto." [Page 141.]

It is well settled that there is no infringement where an element of a combination thus made material in the claim is not embodied in the alleged infringing device. I. T. S. Rubber Co. v. Essex Rubber Co., supra; Lektophone Corporation v. Rola Co., 282 U.S. 168, 171, 51 S.Ct. 93, 75 L.Ed. 274; Bailey v. Galion Iron Works & Mfg. Co., 4 Cir., 80 F.2d 805, 807. The rule is thus stated by Judge Soper speaking for this Court in the case last cited:

"It will be observed that one of the elements in claim 2 is 'spring suspension means for supporting the frame upon the axle.' There are no spring suspension means in the defendant's structure. The omission of this element is sufficient, in our opinion, to avoid the charge of infringement, for it is well established that the omission of an element of a claim of a patent without substituting an equivalent therefor avoids infringement of the claim. Imperial Bottle Cap & Machine Co. v. Crown Cork & Seal Co. (C.C.A.) 139 F. 312, 323; National Mach. Corp. v. Benthall Mach. Co. (C.C.A.) 241 F. 72; Debnam v. Benthall Mach. Co. (C.C.A.) 241 F. 103. * * * It is obvious from the

inclusion of the spring as an element in the claim of the patent that it was regarded as a substantial feature of the patented structure. Having been deliberately included as a feature of the claim, it may not now be discarded in order to establish the charge of infringement."

In the case of Imperial Bottle Cap & Mach. Co. v. Crown Cork & Seal Co., 4 Cir., 139 F. 312, 323, Judge Brawley, speaking for this Court, thus states the rule: "Each element of the combination so described in the claim is thereby made an essential feature, and cannot be repudiated by the patentee, whether necessary to the performance of its functions or not. Each element being one of the operative means, identity depends not merely upon the function performed, but upon the manner in which it is performed. The alleged infringer does not infringe if he omits one of the elements which the patentee has described as essential. He does not infringe if he uses any number of the parts less than the whole."

For the reasons stated, the decree appealed from will be reversed.

Reversed.