**Franz J. MARTINI, Plaintiff,**

v.

**GREAT LAKES PRODUCTS, Inc., a Michigan Corporation, Defendant.**

**No. 15830.**

United States District Court
E. D. Michigan, S. D.

March 11, 1958.

Smith, Wilson, Lewis & McRae, Dearborn, Mich., for plaintiff.

Frederick C. Myers, Minneapolis, Minn., for defendant. James V. Sheridan, Dearborn, Mich., of counsel.

PICARD, District Judge.

As the result of pretrials the issues in this case were limited to

1. Is claim 4 of the Martini patent, No. 2,712,419, covered by the prior art; and

2. Does defendant infringe plaintiff's patent?

### Statement of Facts

Plaintiff brings this action on the theory that defendant infringed that patent's claim 4 which is as follows—

"In a casting reel, a line-carrying spool fixed to a reciprocable spindle, a rotatable flier surrounding said spool and having a semi-circular line guiding bail pivotally mounted thereon, an operating crank and driving means to effect the simultaneous reciprocation of said spindle and rotation of said flier upon actuation of said crank, a reel support adapted for attachment to a fishing rod and seating said crank and said driving means, and a cam finger extending from said support to engage said bail when it is out of line-engaging position as the crank is turned and flip said bail over the end of the spool, the bail having at least one of its end portions bent at an angle to the plane of said bail, the extreme ends of the bail being turned towards each other on a line parallel to the plane of said bail, a pair of raised portions on said flier, each of said raised portions having an opening and having a groove, a shoulder and a cam face leading from said groove around said opening to said shoulder at an acute angle to the periphery of the flier, the turned portions of said bail being pivotally mounted in said openings and bail portions adjacent said turned portions being received in said grooves when said bail is in alignment with said cam finger, whereby when the bail engages the cam finger said adjacent bail portions will ride out of said groove along said cam face and into engagement with said shoulder, whereupon said bail will be in line engaging position."

The subject matter, therefore, is a spinning type fishing reel of which there are several on the market, but the particular feature of the novelty claimed by plaintiff, as set forth in claim 4, is that the mounting of the bail on the flier is made in such a manner that an "auxiliary spring such as was used in many prior art constructions to move the bail from the casting to the line engaging position" is eliminated.

Many similar types of fishing spinning reels were shown in literature, including books, magazine sheets, advertising literature, etc., convincing the court that this is one of those types of patents where the claim on which the patent rests must be strictly construed. Goodrich v. Ford Motor Co., 6 Cir., 97 F.2d 427; Magnavox Co. v. Hart & Reno, 9 Cir., 73 F.2d 433, at page 435; Turner v. Goldstein, 10 Cir., 154 F.2d 338, at page 341.

However, at the trial it appeared that the spinning reel presented by plaintiff was not made entirely in accordance with the specifications of the No. 2,712,419 patent, which, of course, brings up the question that has plagued some of our courts for years. How far can the courts go in protecting a patent from infringement where the article itself varies from the patent? We will discuss the law on that question later. Suffice to say that the doctrine of "equivalents" becomes important and our answer depends a great deal upon just what and how extreme the differences are between the specifications of the patent and the article itself. There is little doubt of "infringement" if claim 4 can be accredited to the reel displayed because defendant's reel's variance from plaintiff's reel is infinitesimal and it is not denied that defendant's reel was sold by it to the public. But defendant says—

First, that the manufactured spinning reel of plaintiff doesn't follow the patent and the patent embodies all the features of the prior art, particularly the French patent No. 919,747, and

Secondly, that even though plaintiff has a valid patent, there is sufficient variance between the article plaintiff manufactured under that patent and the

specifications of the patent itself, to deprive the manufactured article of all protection of that patent.

### Conclusions of Law

To begin with we are going to hold that plaintiff's patent is valid, chiefly because under the law this patent starts out with a presumption of validity, 35 U.S.C. § 282; Goodrich v. Ford Motor Co.; Magnavox Co. v. Hart & Reno, supra, and the burden of proof that the patent granted is not valid rests upon the one challenging validity, in this case the defendant. 35 U.S.C. § 282. On this point we agree with plaintiff that defendant didn't present sufficient evidence to prove such invalidity and if the question was only as to the validity of the patent we would hold with plaintiff.

The second point, however, is different. One of the chief factors making No. 2,712,419 a valid patent is the genesis for defeat of his infringement charge; and we mean simply this, that since the manufactured article admittedly does not follow claim 4 then naturally the question arises as to whether what was actually manufactured is still covered by the patent on the theory that any difference is so minor that under the doctrine of "equivalents" the article does follow claim 4.

But here plaintiff's troubles begin to mount because the patent office refused to accept claim 4 as originally written so plaintiff's patent attorneys had to revise that claim and the patent was then accepted only because claim 4 did represent at least a slight advance in a crowded field. When these are the facts the claim must be strictly construed. Magnavox Co. v. Hart & Reno; Goodrich v. Ford Motor Co., supra.

In what way then does the manufactured article differ from the patent?

First, the patent calls for a "fixed reciprocable spindle" and this is not present in the accused structure of defendant;

Second, claim 4 calls for "parallel two-way pick-up bail"—lacking in defendant's accused structure;

Third, the patent refers to "each of said raised portions having an opening and a groove". That's also lacking in defendant's structure; and

A shoulder in each of the flier ears is again not found in defendant's structure. But the first two of the alleged differences can be reconciled, particularly the first, because plaintiff's patent does cover both a "fixed" and "movable" spindle.

We believe however that other alleged differences go beyond the doctrine of "equivalents" and when the patent office changed the proposed claim 20 and made it into claim 4, it red-pencilled some of the provisions of that claim 4, as originally presented, so that plaintiff could get a patent. When that happens then the difference must be strictly construed against the patentee. Smith v. Magic City Kennel Club, 282 U.S. 784, 51 S.Ct. 291, 75 L.Ed. 707; Shepard v. Carrigan, 116 U.S. 593, 6 S.Ct. 493, 29 L.Ed. 723; and Exhibit Supply Co. v. Ace Patents Corp., 315 U.S. 126, at pages 135 and 136, 62 S.Ct. 513, 86 L.Ed. 736.

Let us review this point: When plaintiff presented claim 4 (was 20) to the patent office it provided that "each of said raised portions having an opening at least one of said raised portions having a groove" and the patent office insisted that this provision violated the bail used in Trezzi patent No. 930,257 in combination with "devise of Articles", French patent No. 919,747 and involved no invention. Thereupon plaintiff changed his claim 20 to the present 4 to provide for each of said raised portions having a groove. But plaintiff then constructed his reel with only one groove. He didn't even follow his own patent in the very important objection voiced by the patent office.

Plaintiff admits all this but places great reliance on the language used in Graver Tank & Mfg. Co. v. Linde Air

Products Co., 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097, claiming that the changes in the reel he manufactures and in both the patent and defendant's reel are infinitesimal. With this we would be inclined to agree were it not for the fact that it was just such an "infinitesimal difference" that impelled the patent office to give plaintiff his patent in the first place.

For these reasons we must hold that without disturbing the validity of plaintiff's patent defendant has not been guilty of infringement since the article manufactured by plaintiff is not covered by this particular patent.