UNITED STATES FASTENER CO. v. MEYERS et al.

(Circuit Court, S. D. New York. April 25, 1906.)

PATENTS—INFRINGEMENT—SEPARABLE BUTTONS.

The Pringle patent, No. 580,001, for a separable button, claims 1 and 2, relating to the socket member, disclose a patentable invention, but cover a new combination of old elements, and must be limited to the precise combination shown. As so limited, they are not infringed by the device of the Kerngood patent, No. 645,024.

In Equity.

Roberts & Mitchell, and Hillary C. Messimer, for complainant.

George Cook and Livingston Gifford (John R. Bennett, Odin Roberts, Donald Campbell, of counsel), for defendants.

HAZEL, District Judge. This suit relates to the alleged infringement of patent No. 580,001, dated April 6, 1897, granted to Eugene Pringle, and now owned by complainant. The patent is for an improvement in separable buttons, wherein is shown a socket and stud adapted for attachment to gloves or other garment, either the socket or the stud being resilient, thereby enabling them to be snapped together or parted. The many prior patents introduced by defendants show unceasing endeavor to improve so-called separable buttons or snap fasteners. The inventor herein seeks—

"To provide means by which a hollow rivet will operate with the button-head member to hold both it and the stud-catching device secured with the fabric, and further, to provide specific means by which my improvements can be embodied in the button-head and stud member of a separable button."

The first and second claims are involved:

"(1) A button-head for a separable button, consisting of a cap, having a rivet-engaging piece, extending inward from its outer edge, and provided with a central aperture and a hollow rivet, having a closed head, inserted from the opposite side of the material from the cap, and spread or upset by pressure against the inner surface of the cap and upon the rivet-engaging piece therein, and flanged below the material, substantially as described. (2) A button-head, comprising a cap-plate, a rivet-engaging piece connected thereto, a hollow rivet spread or burred within the cap against the rivet-engaging piece and a stud-catch secured to the base-flange of the rivet, substantially as described."

The claims relate only to the socket member of the fastener, the stud member not being included therein. The chief defense is noninfringement, although lack of invention is also asserted. The complainant contends that its patent is clearly an advance in the art, because of simplicity in construction, ease and convenience in assembling, and in variance and permanence in operation. The claims are for a combination which, considered independently, are old, but which are united in an original patentable way, and achieve an improved result. The principal element of the claims is the hollow rivet, closed at its upper end, which after insertion in the material is depressed or upset by contact with the inner surface of the cap. This element, in. cooperation with the cap and rivet-engaging piece, it is claimed by complainant, distinguishes its structure from the prior art, in that the

latter shows a socket open at the clinching end. Preparatory to the clinching arrangement of the patent in suit, the closed end of the hollow rivet is inserted in a slit or aperture of the material, the cap and the rivet-engaging piece being attached and placed in position on the upper side of the material, and is thrust through the opening against the under side of the cap piece. The latter is depressed, causing the upper end of the rivet to be upset or spread, forming an enlarged chamber. In this manner the operating parts and the glove or fabric are securely fastened, and the stud member may then be sprung or snapped into the socket. The results of the invention are not entirely new, yet the advantages arising from the employment and unison of familiar elements, producing a more efficient and economical device, entitles it to protection. National Hollow Brake-Beam Co. v. Interchangeable Brake-Beam Co., 106 Fed. 693, 45 C. C. A. 544; Seymour v. Osborne, 11 Wall. 516, 20 L. Ed. 33; Thomson v. Citizens' Nat. Bank, 53 Fed. 250, 3 C. C. A. 518. Hence the combination in a socket member for a button fastener of a cap or plate, rivet-engaging piece, and a hollow closed end rivet is thought not to have been obvious nor previously practiced in the precise manner described in the patent in controversy.

The defendants suggest the point that the fastener described in the patent in suit has never been manufactured or sold, but, the patent being valid, this does not justify or excuse infringement. Bement v. National Harrow Co., 186 U. S. 70, 22 Sup. Ct. 747, 46 L. Ed. 1058. The claims of the patentee, in view of the prior art, must be strictly construed, and, being so construed, the defendants are not thought to infringe.

Defendants manufacture their fasteners under a patent granted to Kerngood, No. 645,624, dated March 20, 1900. The issuance of this patent naturally raises the presumption of dissimilarity between the Kerngood device and that of complainant. Bates v. Keith (C. C.) 82 Fed. 102; Boyden Power-Brake Co. v. Westinghouse Air Brake Co., 70 Fed. 816, 17 C. C. A. 430; American Pneumatic Tool Co. v. Phila. Pneumatic Tool Co. (C. C.) 123 Fed. 894. The prior patents and the testimony of the expert witnesses would seem to warrant the conclusion that defendants' device is sufficiently differentiated from complainant's specific form to escape the charge of infringement. True, defendants use with other small parts a cap, a rivet-engaging piece, and a closed socket. The socket piece has an outwardly projecting flange at the bottom, and at its top a small hollow projection, cupola shaped, which projection, after insertion through the fabric, is upset against the under side of the cap or an anvil plate in the same. Such, however, was substantially the method employed in the patents to Shipman, No. 388,255, Kraetzer, No. 359,615, and McMillan British patent, No. 2,592. Indeed, the drawings and specifications of the Kraetzer patent disclose a marked similarity to defendants' device in relation to the elements in controversy. The closed hollow rivet and engaging piece which complainant contends contributes largely to the easy manipulation of the socket member are disclosed in the patents mentioned. The features relating to the cap-plate and stud-catch

need not be discussed, for in the view taken by the court, as already referred to, the claims must be limited to the exact structure described. In complainant's device the shape of the body of the hollow rivet is radically changed by the spreading operation, while in defendants' device the hollow rivet is not changed in shape, the projection at the upper end of the rivet being depressed and spread to unite the socket and cap members. As said by defendants' expert:

"It retains its straight walls, and only the small projection on the top of the socket or rivet is pressed down and spread and practically solidified, and that is the only part of the device that is changed by the act of securing this part of the separable button to the fabric. In the device of the patent in suit, the plate, G, which is secured to the flange of the hollow rivet must have a central opening smaller in diameter than the opening of the hollow rivet, in order to form the nonresilient stud-catch; whereas in the defendants' button the plate clamped on the base of the rivet has a larger opening than the opening of the hollow rivet or socket."

Whether the required resiliency is in the socket or stud is perhaps not material, but the difference in construction of defendants' cup-shaped socket is helpful to determine the question of infringement. Defendants' socket has no yielding means for holding the stud of the fastener, and is provided near its lower end with two side slits, through which two fine spring wires are passed, and they are held in position by projections formed in the rim of the flange of the socket, which are turned down and pressed upon the ends of the wires. Complainant's stud-catch is formed by the flange or plate secured to the hollow rivet, which has a smaller opening than the rivet, the resiliency being in the stud member.

The conclusion being reached that claims 1 and 2 are valid, but not infringed by defendants, the bill is dismissed, with costs.