### SUPERIOR SKYLIGHT CO., Inc., v. AUGUST KUHNLA, Inc., et al.

(District Court, E. D. New York. April 20, 1920.)

1. Patents ⚙️178—Doctrine of equivalents may be invoked, though patent not pioneer one.

Though plaintiff's patent is not a pioneer patent, the doctrine of equivalents may nevertheless be invoked.

2. Patents ⚙️328—Patent for skylight opening automatically not infringed.

The Goldman patent, No. 1,009,502, for a skylight with windows hinged at the bottom and slanting outward at a sufficient degree to cause the window to swing open automatically when released, held not infringed by defendant's skylight, having the windows set perpendicularly, with a bar or rod adapted to force the window open when the retaining rope or chain is released.

3. Patents ⚙️178—"Equivalents" defined.

"Equivalents" in an art or process are such acts as, in accordance with preceding rules, are interchangeable with those which the inventor has himself employed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Equivalent.]

4. Patents ⚙️168(3)—Claims limited to feature introduced after original claims rejected.

Where a patentee's claims for a skylight were all rejected, and canceled by him, and others substituted, by which he limited each claim to a skylight having an inclined jamb, he was limited to a jamb set at a distinct incline.

5. Patents ⚙️312(1)—Presumed that patentee does not infringe another patent.

A defendant operating under his own patent is presumed prima facie not to infringe.

In Equity. Suit by the Superior Skylight Company, Incorporated, against August Kuhnla, Incorporated, and others. Bill dismissed.

Hauff & Warland, of New York City (Wm. E. Warland, of New York City, of counsel), for plaintiff.

---

⚙️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

R. B. Cavanagh, of New York City (J. Granville Meyers, R. B. Cavanagh, and James A. Koehl, all of New York City, of counsel), for defendants.

GARVIN, District Judge. Plaintiff brings suit, alleging infringement of an invention involved in a patented blind or sash, attached to a skylight, suitable for use above the stage of a theater, intended principally to carry off smoke and flames in case of fire, although employed also for ventilating purposes.

Plaintiff's device consists of a framelike skylight structure, erected on the roof of a building, with windows hinged at the bottom, slanting outward at an angle which is estimated to be about 45 degrees, or at least sufficient to cause the window to swing open automatically when released. Attached to the top of each window is a chain or rope, which runs through a pulley at the center of the top of the structure, thence down to the stage itself. These ropes may be all attached to a plate, from which a single rope will then run to the stage. In case of fire, when the temperature reaches 160 degrees Fahrenheit, a fusible link in the chain or rope separates, and each window by force of gravity opens, swinging outward to a position almost horizontal. Neither weights nor the application of pressure are necessary to aid in this result.

The originality of the invention consists in the application of the force of gravity to a window placed at an angle as described, which will operate to throw it open when the rope which holds it in place is released. The plaintiff expressly disclaims having any right to prevent the operation of a skylight, the windows of which are in a perpendicular position, and are opened by the application of weights suspended from bars projected from the top of each window, outward, at right angles.

The defendants' skylight has its windows set perpendicularly, with hinges at the bottom of each, and with a bar or rod from each window, connected with a ring or collar, which slides up and down a pole in the center of the skylight structure. From the top of this apparatus a rope or chain runs up and around a pulley, by an arrangement similar to that employed by the plaintiff. Thus, when the rope or chain is separated, the ring is released and comes down the pole, forcing a rod against each window, as a result of which the window is thrown open to a position nearly horizontal.

The originality of plaintiff's device consists in having each window so arranged that, when its control is released, it will drop open of its own weight. This would not follow, unless the windows were set at an angle. Plaintiff's claims 1 and 2 are as follows:

"1. A skylight comprising a frame projecting from the roof of a building and having an opening with an inclined jamb, and provided with an offset at the top of the jamb, a cover pivoted to the lower part of the jamb, means connected to the cover for securing the cover on to the jamb, and means attached to the said connection for automatically releasing the cover to swing downwardly to its open position.

"2. A skylight comprising a frame projecting from the roof of a building and having an opening with an inclined jamb, and provided with an inclined

offset at the top of the jamb, a cover pivoted to the lower part of the jamb, a flexible connection operatively secured to the cover for holding the cover on to the jamb, a fusible link attached to and situated between the end of the connection and the cover for automatically releasing the cover to swing downwardly to its open position."

[1] Plaintiff argues that defendants' structure has the equivalent of the element of an inclined jamb which allows the windows to fall outwardly when released, without the necessity of counterweights on the outside (or inside) of the windows. Plaintiff's is not a pioneer patent, but nevertheless the doctrine of equivalents may be invoked. Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 28 Sup. Ct. 748, 52 L. Ed. 1122.

[2, 3] If it be true, as plaintiff insists, that under the doctrine of the Paper Bag Case, supra, and Nat. Hollow B. B. Co. v. Interchangeable B. B. Co., 106 Fed. 693, 45 C. C. A. 544, plaintiff may claim as equivalents in a skylight projecting from the roof of a building any device which accomplishes the function of the patent in suit, viz. automatically opening the windows when the retaining cord is released without the aid of weights or counterweights, the court is called upon to determine whether defendants' mechanism can be said to be such as to throw open the windows, when so released in such a manner.

"Equivalents in an art or process are such acts as, in accordance with preceding rules, are interchangeable with those which the inventor has himself employed." Robinson on Patents, § 258.

After careful consideration and upon examination of the authorities, it is my judgment that the rods used by the defendant to force the windows open, in the way they are applied, cannot be considered as distinguishable from weights, and hence that the doctrine of equivalents does not apply.

The plaintiff contends that this court is bound to grant a decree in its favor because of the well-settled rule which is expressed in Machine Co. v. Murphy, 97 U. S. 125, 24 L. Ed. 935, as follows:

"So that, if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape."

Applying that to the case at bar, while both plaintiff's and defendants' respective devices accomplish the same result, viz. the opening of the windows, it cannot be said that it is done in the same, or even in substantially the same, way, for defendants' device requires that pressure be applied, an element entirely lacking in plaintiff's invention. In windows opened by weights, the same result is accomplished, yet there is admittedly no infringement.

Plaintiff also relies upon the case of Lyon Non-Skid Co. et al. v. Edward V. Hartford, Inc., 247 Fed. 524, in which Circuit (then District) Judge Manton said, at page 536:

"A series of amendments were filed within a month in the Fageol application before the Lyon patent was issued, in an effort to secure claims broad enough to affect the Lyon patent, and in this way many, if not all, the claims in suit were inserted and radically modified. This may have been brought

about by the successful and extensive use of the Lyon bumper. The court should not lend its aid to such an effort of an enterprising patentee. Lovell v. Oriental Co., 231 Fed. 719, 146 C. C. A. 3. The Lyon construction and operation was new in Lyon's work in 1911, and is covered by his patent in suit. Lyon gave his valuable invention to the public. Fageol gave a different type of rigid bar bumper which proved to be impracticable and a failure commercially. It inevitably follows that Lyon should have full credit for the success and the protection of the court."

This summarizes admirably the rights of a complainant, who has a commercially valuable invention which is sought to be appropriated by a business rival, whose original device has proved to be unsuccessful. The court refused to permit this to be accomplished by means of the amendments through which defendant justified the use of its device. Neither the facts nor the mechanism involved in that case bear any resemblance to those in the case now before the court. In the Lyon Case the court found that there was such a resemblance as to permit an easy substitution of the Hartford bumper where the Lyon spring bumper was asked for. There is certainly no such resemblance here.

[4] The Goldman patent, upon which plaintiff sues, and which it is claimed the defendants have infringed, is not a pioneer patent. The claims of the patent include a construction which involves an inclined jamb. Originally five claims were presented, which were rejected. The applicant then made an amendment canceling all the five original claims, and substituted four, by which he limited each claim to the feature of an inclined jamb. It seems to me that, by this acquiescence in the rejection, the applicant limited the construction of his claims to a jamb set at a distinct incline. Lehigh v. Kearney, 158 U. S. 461, 15 Sup. Ct. 871, 39 L. Ed. 1055; Phœnix v. Spiegel, 133 U. S. 360, 10 Sup. Ct. 409, 33 L. Ed. 663; Shepard v. Carrigan, 116 U. S. 593, 6 Sup. Ct. 493, 29 L. Ed. 723; Ironclad Mfg. Co. v. Dairyman's Mfg. Co., 143 Fed. 512, 74 C. C. A. 372.

In the case of Greene v. Buckley, 135 Fed. 520, 68 C. C. A. 70, it was held:

"The claims of a patent covering a mere improvement upon prior machines, which were capable of accomplishing the same general result, must receive a narrow interpretation. Morley Sewing Machine Co. v. Lancaster, 129 U. S. 263, 273, 9 Sup. Ct. 299, 32 L. Ed. 715. In such cases the patentee cannot treat another as an infringer who has improved the original machine by use of a different form or combination performing the same function. * * * Where the result is old, and the novelty consists only of improvements in a known machine for producing a known result, the patentee must be tied down strictly to the mode which he has described for effecting such improvements. Proctor v. Bennis, 36 Chancery Division, 740, cited with approval in Morley Sewing Machine Co. v. Lancaster, supra.

"Where it appears from the proceedings in the Patent Office and a consideration of the state of the art that a patent is not a pioneer patent, its claims must be limited in their scope to the actual combination of essential parts as shown, and cannot be construed to cover other combinations of elements, of different construction and arrangements. In such case there should be identity of means and identity of operation, combined with identity of result, in order to constitute infringement. Kokomo Fence Machine Co. v. Kitselman, 189 U. S. 8, 19, 23 Sup. Ct. 521, 47 L. Ed. 689."

These observations are peculiarly appropriate to the case under consideration.

[5] Nor may the court overlook the well-settled rule that a defendant, who is operating under his own patent, prima facie is presumed not to infringe. United States Fastener Co. v. Meyers (C. C.) 145 Fed. 536, and authorities therein cited. The court cannot hold that the plaintiff has overcome this presumption.

My conclusion is, therefore, that defendants' method of opening windows is by the application of something other than, or at least in addition to, gravity, and I can see no difference in principle between the rules which should apply to the defendants' device, which is in reality a weight applied from within, and those which apply to a skylight having windows opened by weights from without, which plaintiff concedes is no infringement. This renders it unnecessary to discuss whether there was a private or public user of knowledge.

The bill is dismissed, with costs.