### In re LOCKERT.
### Patent Appeal No. 3083.

Court of Customs and Patent Appeals.
May 29, 1933.

C. O. Marshall, of Toledo, Ohio, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims in appellant's application for a patent for an alleged invention relating to improvements in weighing scales.

Claim 2 is illustrative. It reads: "2. In a device of the class described, in combination, weighing mechanism including a relatively movable chart and index, a plurality of blocks on said chart, said blocks being arranged in staggered relation and cooperating with said index."

The references are: Engelhardt, 878,620, February 11, 1908; Hartson, 1,522,449, January 6, 1925.

Appellant stated in his specification that: " * * * The chart embodying my invention is one for use particularly in a mailing scale for ascertaining the cost of mailing letters and parcel post. * * * In the chart of my invention I have provided a computing portion in which the various price zones are represented or characterized by means of a series of squares or blocks * * * alternately arranged on either side of an arcuate line extending across the chart. This arrangement provides a checkered indication which is very prominently displayed to the scale operator and lessens the liability of erroneous readings. The price zone squares or blocks * * * are provided with lead lines or graduations * * * at the extremities of which are arranged the various price numerals for direct computation of the cost of mailing the article or package."

In operation, an indicating hand moves over the chart to a position determined by the weight of the letter or parcel to be mailed. The operator, by looking at the chart, is able to ascertain the exact postage required to be attached to the letter or parcel.

It is conceded by counsel for appellant that the weighing mechanism, exclusive of the chart, was well-known in the art. He argues,

however, that the chart disclosed and claimed in combination with the weighing mechanism is a new and patentable combination.

The Board of Appeals rejected the appealed claims as not involving patentable subject-matter, and cited, in support of its holding, the decisions in In re Dixon, 44 F.(2d) 881, 18 C. C. P. A. 711; In re Russell, 48 F.(2d) 668, 18 C. C. P. A. 1184. The Board also said: "The examiner has also held that since the combination of a chart with a weighing scale is old the claims should not include the scale as a part of the combination. It is our opinion that if the subject matter were patentable it would be immaterial whether the index which moves over the chart is actuated by a scale or by some other instrumentality. We agree with the examiner, therefore, that if appellant were entitled to protection it should be on claims limited to a chart per se."

It is argued by counsel for appellant that appellant's device is a new and useful mechanical improvement in a machine; that, although the weighing mechanism, exclusive of the chart, is old, combined, they co-operate to produce an improved function; and that therefore his device constitutes a patentable combination. Counsel does not contend, however, that broadly the combination is patentable. He relies rather upon the particular arrangement of the printed figures and symbols on the chart in combination with a weighing mechanism. The case of Dunn Mfg. Co. et. al. v. Standard Computing Scale Co. (C. C. A.) 204 F. 617, 623, is cited by counsel for appellant as authority for his contentions.

The patent to Engelhardt was cited by the tribunals of the Patent Office for the purpose of showing that it was old in the art to combine a weighing mechanism and a "computing chart."

We are unable to agree with counsel for appellant that appellant's device is a patentable combination. We think it is obvious that there is no mechanical relation or co-operation between appellant's chart and the weighing mechanism to which it is attached. Mechanically, the weighing mechanism itself operates precisely as it did before appellant's chart was perfected. The chart performs no mechanical operation or function, either alone or in combination with the weighing mechanism. We agree, therefore, with the tribunals of the Patent Office that the involved claims do not define a patentable combination.

It is true, as argued by counsel for appellant, that, in the case of Dunn Mfg. Co. et al. v. Standard Computing Scale Co., supra, the

Circuit Court of Appeals, Sixth Circuit, held valid a patent in which the "claimed mechanism * * *—cheese cutter and computing chart—was old except that the indicia on the chart had been changed." In its decision, however, the court took occasion to say:

*"It seems rather a strange result that the patent law should allow liberty to use, or should prohibit the use of, a given mechanical structure according as one part of it is marked with one or another kind of numerals; yet this is the necessary result of our previous decision, and of the facts which now clearly appear. Not only are we under a more or less absolute obligation to adhere to the former decision, but under these peculiar facts we are satisfied with that decision. The total value bar and the weight bar are not functionally the same thing, though one function is inchoate in and developable from the other; and the thought that the work of these computations and these transpositions could be avoided, and their result displayed in figures on the face of the bar, so producing a ready-made total value cutter, instead of somewhat raw materials for one, we consider was, in fact, invention, and not merely double use, even though the only physical change involved was the remarking appropriate to the convenient use of the newly developed function. Defendant, in its newer cutter, has abandoned the 'ready-made' total value bar, and gone back to the 'raw materials.'"* (Italics ours.)

In his brief, counsel for appellant, in challenging the correctness of the statement of the Board of Appeals, "that if appellant were entitled to protection it should be on claims limited to a chart per se" and not on the claimed combination, said: "If the applicant were required to present claims covering all charts having the physical characteristics of the applicant's chart and denied claims limited to the combination of weighing mechanism including his chart, his assignee would face the double hazard of having its patent invalidated by the discovery of a similar chart in some non-analogous combination *and of having the patent declared invalid by some court on the ground that it covered merely a printed form."* (Italics ours.)

Considered alone, the novel feature of appellant's chart is the mere arrangement of printed matter, and, according to the consistent holdings of this court, does not constitute "any new and useful art, machine, manufacture, or composition of matter," or "any new and useful improvements thereof," as provided in section 4886 of the Revised Statutes, 35

U. S. C. § 31 (35 USCA § 31). In re McKee, 64 F.(2d) 379, 20 C. C. P. A. ——, and cases therein cited.

We are in accord with the conclusion reached by the Patent Office tribunals, and the decision of the Board of Appeals is affirmed.

Affirmed.