### FASSETT v. DAHLSTROM et al.
#### No. 21022–S.

District Court, N. D. California, S. D.
March 18, 1940.

James A. Walker and Elmer L. Machado, both of Salinas, Cal., for plaintiff.

Paul D. Flehr and John F. Swain, both of San Francisco, Cal., for defendants.

ST. SURE, District Judge.

Plaintiff sues for infringement of patent number 2,016,670 issued to him October 8, 1935, for a milk sampling device. He alleges that defendants are selling a device known as the Dahlstrom Sampler (patent pending), embodying the invention set forth in patent number 2,016,670. Defendants deny infringement, and pleading the prior art, raise the issue of invalidity. Motion for summary judgment upon the ground of noninfringement was filed under § 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The motion was heard at the time of trial, and is now before the court for decision.

In his application plaintiff explains that his "invention relates to sampling devices and is designed particularly for use for taking samples of milk for determination of the butter-fat content." He relies upon claim 4 of his patent, which reads as follows: "4. In a portable proportional sampler for liquids, *a suction tube* for extension into a weighed mass of liquid to be sampled, a *piston* operative in said tube and movable from the intake end thereof for drawing a sample charge of the liquid into the tube from the mass of liquid, means for mechanical operation to effect said sampling movement of the piston, and indicator means associated with the piston moving means *and including a plurality of scales suitably calibrated so as to be adapted by changed position to indicate differentially the movement required for obtaining samples of different predetermined size ratios as compared with the different sized quantities of liquid being sampled."* (Italics supplied.)

The devices involved are simple combinations of elements old in the art. Plaintiff claims a suction tube, piston, means for mechanical operation, and an indicator including a plurality of scales associated with the piston moving means. The Dahlstrom device employs a sampling cup together with an adjustable valve, which are dipped into the liquid for the purpose of taking a sample. An indicator is attached which serves the same purpose as plaintiff's plurality of scales. The only difference between the two devices, as stated by plaintiff's counsel, is that "The sample of liquid by plaintiff's machine is taken and held by means of a piston and cylinder through a principle of suction, whereas, by the defendants' machine, the sample is taken by means of a cup and a sliding valve through the principle of gravity."

▮ Plaintiff bases his claim of infringement upon the doctrine of equivalents, contending that the operative combinations of the two samplers are identical. But the record shows that plaintiff narrowed his claim to obtain a patent,[1]

---

[1] The pertinent history of plaintiff's application for a patent (filed February 10, 1933), as shown by the file wrapper, is as follows: Claim 4 originally read: "4. In a device of the type described the combination of a movable member, a receptacle, means actuated by a graduated movement of said member for transferring a similarly graduated liquid sample from a tank into said receptacle, and means comprising an index and a plurality of scales controlled by the movement of said member for indicating differentially the movement required for obtaining samples of different predetermined size ratios as compared with the known amounts of liquid being sampled."

The decision of the Examiner, June 19, 1933, rejected all of the claims. References were made to the following patents: Cavanaugh, 105,776; Erickson, 1,-108,561; Welch, 906,478; and Mitton, 1,873,010. Inter alia the Examiner said: "Claims 4 and 5 are rejected as broader than the apparent scope of the invention.

Applicant shows only one index and a plurality of scales, and not a plurality of both as is inferred by the term 'plurality of scale and index means.' Claims 4 and 13 are rejected as involving no invention over Erickson, in view of Mitton. The latter shows it to be notoriously old to take different sized samples for milk deliveries of different size, and it is held that in view of this reference it would not be a matter of invention to provide the device of Erickson with a plurality of such scales. In re Nyman [58 App.D. C. 186, 26 F.2d 558] 1928 C.D. 196. Especially is this stand taken since the scales are in a sense aggregative, as only one is employed at a given time."

On November 1, 1933, applicant filed amendments. The reference relied upon by the Examiner for rejection was Spaeth, 1,940,064. On April 26, 1934, the application was again rejected. Regarding claim 4 it was said: "Claim 4 is again rejected as unpatentable over Erickson in view of Mitton as applied in

and he is therefore not entitled to the benefits of a broad construction usually granted to a pioneer.[2] It would appear that the device described in claim 4 is limited to the elements of a piston and a suction tube. Furthermore, when compared with the elements of the Dahlstrom sampler it is obvious that they are not interchangeable

---

the last Office action. The claim reads directly upon Erickson except for the plurality of scales, and after the teaching of Mitton it would not involve invention to adapt Erickson's device by means of a plurality of scales to meet the terms of the claim. It is not Mitton's *structure* which is relied upon but his *idea* embodied in the use of his plurality of tubes. This idea appears to be coextensive with Applicant's idea of a plurality of scales. Claim 4 is further rejected as unpatentable over Erickson per se, in that the scales used by Applicant being aggregative and lacking in mutual coaction or cooperation, no invention would be involved in utilizing more than one scale on the patent device for selective and alternate use."

Applicant filed another amendment on October 25, 1934. In it he cancelled claim 4 "to expedite the prosecution." The application added three new claims, numbered 15, 16, and 17, number 15 reading as follows: "In a portable proportional sampler for liquids, a suction tube for extension into a weighed mass of liquid to be sampled, a piston operative in said tube and movable from the intake end thereof for drawing a sample charge of the liquid into the tube from the mass of liquid, means for mechanical operation to effect said sampling movement of the piston, and indicator means associated with the piston moving means whereby the weight of the charge drawn into the tube by a predetermined operative movement of the piston may have a known and fixed ratio to the weight of the sampled mass." On February 18, 1935, claim 15 was rejected "as unpatentable over Erickson in view of Welch as combined in the last Office action. The term portable adds nothing to the claim since any of the devices shown by the references may be considered as portable. This combination involves only the replacing of . Erickson's actuating means on his sampler with actuating means shown by Welch. Regarding the scales they are aggregative and are used selectively, and considering any one of them it does not involve invention to calibrate a scale in any desired terms." Claim 15 was also rejected "as unpatentable over Spaeth in view of Welch as combined in the last Office action. Obviously the latter's actuating means may replace the former's without the exercise of invention, the remaining question being whether the two references are too

remote from a sampler to be properly anticipatory. A sampler of the type herein involved is but a device for withdrawing liquid from a container, and the two devices, or either of them, shown by the references are for such withdrawing, and it appears immaterial from the standpoint of patentability whether the liquid is to be used as a sampler or for any other purpose. For a discussion of the scale features see the preceding paragraph. The suction tube type of sampler is old (as shown by Cavanaugh) and no reason is apparent why any suitable mechanical means such as shown by Welch could not be used to operate the piston thereof to replace the means shown by Erickson or Cavanaugh. Welch's and Spaeth's devices are surely portable since they can be mounted on different tanks, or the tanks with the devices attached may be moved. Claim 15 is further rejected as unpatentable over Erickson since it would not involve invention to calibrate Erickson's scale 4 in any desired units. The above rejections have been made after a careful review of the claims, references and Applicant's remarks and as an issue has been reached the rejections are made *final*." Amendments were again offered on July 23, 1935, in part as follows: "Claim 15, cancel the matter beginning with 'whereby' line 6 and ending with 'mass,' last line, and in lieu thereof please insert—and including a plurality of scales suitably calibrated so as to be adapted by changed position to indicate differentially the movement required for obtaining samples of different predetermined size ratios as compared with the different sized quantities of liquid being sampled." Subsequently the patent was issued, for what reason or upon what theory the record fails to disclose, and original claim 15 as amended became claim 4 of the patent here involved.

[2] I. T. S. Rubber Co. v. Essex Rubber Co., 272 U.S. 429, 444, 47 S.Ct. 136, 71 L.Ed. 335; Weber Electric Co. v. E. H. Freeman Electric Co., 256 U.S. 668, 677, 41 S.Ct. 600, 65 L.Ed. 1162; Hubbell v. United States, 179 U.S. 77, 80, 21 S.Ct. 24, 45 L.Ed. 95; Morgan Envelope Co. v. Albany Perforated Wrapping Paper Co., 152 U.S. 425, 429, 14 S.Ct. 627, 38 L.Ed. 500; Shepard v. Carrigan, 116 U.S. 593, 597, 6 S.Ct. 493, 29 L.Ed. 723; Sargent v. Hall Safe & Lock Co., 114 U.S. 63, 5 S.Ct. 1021, 29 L. Ed. 67.

nor do they in combination perform the same function in substantially the same way.

There is another feature of the case which casts doubt upon the validity of plaintiff's patent. It relates to the "plurality of scales suitably calibrated." This element is discussed in the file wrapper where reference is made to the Erickson patent (see note 1) and it is repeatedly said by the Examiner that "it would not be a matter of invention to provide the device of Erickson with a plurality of scales," or to "calibrate Erickson's scale 4 in any desired units." Both in his affidavit in answer to the motion for summary judgment and at the trial plantiff asseverated that the "plurality of scales suitably calibrated" is of the essence of his invention; "this system," plaintiff testified, "makes this dial arrangement, with a differential basis, with the suitably calibrated scale, the invention. Without this dial and this scale there is no invention." In Re Lockert, Cust. & Pat. App., 65 F.2d 159, it was held that using a "movable chart and index, a plurality of blocks on said chart, said blocks being arranged in staggered relation and cooperating with said index," in combination with a weighing mechanism, old in the art, was not invention.[3]

The motion for summary judgment will be granted.

---

[3] See, also, Mackay Radio & Telegraph Co. v. Radio Corp. of America, 306 U.S. 86, 59 S.Ct. 427, 83 L.Ed. 506; Don Lee, Inc. v. Walker, 9 Cir., 61 F.2d 58, 67; In re Nyman, 58 App.D.C. 186, 26 F.2d 558, 559; In re Batcher, Cust. & Pat. App., 59 F.2d 461, 462.